By the Court.—Monell, Ch. J.
The defendants stand somewhat in the attitude of a stake-holder, having funds belonging to the plaintiff, or to Dannat and Brother, and not knowing to which to pay them.
The corporation could have interpleaded between those parties and had it determined, probably, without expense to itself, which of them was entitled to be paid. The same thing, except the saving of expense, can be determined in this action ; so far only, however, as the plaintiff’s rights are concerned. Dannat and Brother not being a party hereto, will not be concluded by the judgment.
The equities of the case are strongly ih the plaintiff's favor. He took an assignment of the contract, after Dutch had shown his inability to complete the work; went on and finished it—the corporation reaping all the benefit—and earned the whole of the last or eighth installment, amounting to three thousand dollars.
The case turns, however, upon the effect to be given to the order of April 4th, which was a direction to pay Dannat & Brothers, thirteen hundred and fifty .dollars, “when the same shall become due me on next payment.”
When the order was drawn and delivered to the defendants, the seventh installment or payment on the *259 contract, had not been earned, nor was it due or payable. And it is claimed by the appellant that the order operated as an assignment or appropriation of that installment, when it had been earned, and had become due and payable. And that after notice of the order to the defendants, the payment by them to Dutch of such seventh installment, was in their own wrong. Therefore, inasmuch as the order was an assignment or appropriation of the seventh installment, it should have been paid out of that installment, and was not a lien upon, nor had it a right to be paid out of, the eighth installment.
The respondents, however, insist that the order had reference to the time of payment, and not to any particu1 ar fund out of which it was to be paid. That it was payable when the next or seventh installment became due, but not absolutely or necessarily out of that payment.
But I do not think this latter construction can prevail.
It is conceded that at the date and notice to the defendants of the order, the “next ” or seventh payment had not been earned, nor was it due under the contract. Then when it became due the order also, according to the respondents position, immediately became due, and if then paid, it must necessarily have been paid out of such seventh payment.
If, however, it was entitled to be paid out of any other payment that might thereafter become due, then the payment to Dutch was not unauthorized.
That the contractor made his order payable ‘ when ’ ’ the next payment became due, is conclusive that he intended it should be paid out of such payment, and the drawees of the order must have intended to demand payment out of the installment which next fell due after its date. And such is the construction they put upon their order in their unsuccessful suit with the corporation.
*260 Upon this branch of the case, I am of the opinion that so far as the order was available for any purpose, it must be regarded as binding or appropriating the fund, or a part of the fund, which was to be represented in the seventh installment thereafter to fall due under the contract, and can not by any fair Qr legal construction be extended or postponed to any other or subsequent payment. Such was clearly the intention of all the parties; and if the corporation has through accident or mistake, or otherwise, unintentionally disposed of the seventh payment, to the prejudice of the holders of the order, it must suffer the loss, if it be a loss, and not seek to impose it upon the plaintiff.
If my views of the effect which should be given to the order are correct, the plaintiff should have been allowed to recover the whole of the last or eighth payment due upon the contract.
But another reason is perhaps more conclusive.
The order in favor of Dannat & Brother was not in the nature of an inland bill of exchange. At most it was a mere equitable assignment of a part of a future fund. If the fund had been in existence, then, perhaps, the assignment would have operated from the time of notice. But even that is doubtful.
In Gribson v. Cook (20 Pick. 15), a person entitled to quarterly payments drew upon his trustee to pay a creditor, “ as the drawer’s income should become due.” The trustee refused to accept, and it was held that the order was not an assignment.
In Mandeville v. Welsh (5 Wheat. 626) it was held, that an order for part of a fund does not amount to an assignment.
And in Cowperthwaite v. Sheffield (1 Sandf. 416) the action was upon clear bills of exchange, and it was shown that they were drawn upon shipments of cotton. The court says, “ where an order is drawn, either on a general or a particular fund, for a part of the fund *261 only, it does not amount to an assignment of that part, or give a lien as against the drawee, unless he consent to the appropriation, by an acceptance of the draft. Had the bills been in the form of orders, they did not embrace the entire amount, and could not have amounted to an assignment, or give a lien, unless accepted."
Numberless cases to the same effect might be cited, and they all establish the general doctrine that even an equitable assignment does not operate upon the fund, or create any lien, until accepted by the drawee.
It is not claimed by Dannat and Brother that their order was accepted by the defendants. At most, as it is alleged, notice of the order was given .and received by the defendants.
That was not enough to create any lien upon the fund, or fix any liability upon the defendants, under the Dannat order.
In either aspect of the case therefore, the eighth payment upon the contract is due to the plaintiff. If the order was an appropriation of the seventh payment, it could not and can not rightfully be paid out of the eighth payment; if it was intended to operate upon any of the payments; for the reasons stated, it failed to become a lien, or create any liability against the defendants, because of its non-acceptance by them.
Another reason why, under all the circumstances, the plaintiff is entitled to receive the whole of the eighth installment, is, that when he took upon himself, as the assignee of the contract, the expense and labor of finishing the work under it, he was accepted by the defendants as the contractor, and the work he has bestowed and money expended has inured to the extent of three thousand dollars, to the benefit of the city. So that, whatever success the defendants may have in defending against the Dannat order, they should not, in conscience, be allowed to interpose any *262 such possible liability, between themselves and so jus a creditor as it is conceded the plaintiff is.
In Canaday v. Stiger (35 Sup’r Ct. R. 423, affirmed Ct. of App., 55 N. Y. R. 452) we corrected the judgment by adding to it the amount the plaintiff ought to have recovered. As there is sufficient data before us, we shall do the same in this case.
The plaintiff should have judgment for the additional sum of one thousand four hundred and sixty-one dollars and eighty cents, as of the date of the present judgment, and the judgment should be amended accordingly, together with the costs of the appeal.
Curtis, J., concurred.